IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT A. BURCUM, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1098-D |
| | ) | |
| TRACY McCOLLUM, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

**I.   The petition.**

Petitioner, a state prisoner incarcerated at the Oklahoma State Reformatory (OSR), seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Doc. 1. He does not challenge the execution of his current sentence but instead maintains he has been awaiting trial for over two years on charges brought in the District Court of Caddo County in Case No. CF-2011-174, and that the district attorney "refuses to dismiss the case or take the case to trial."[1] *Id.* at 1. He alleges that "[a]ll state remedies were exhausted by Oklahoma State Supreme Court order as shown on attached Exhibit (a) and (b)" and that "[t]he

---

[1]   A claim for habeas relief made by a state pre-trial detainee is governed by 28 U.S.C. § 2241, which gives district courts the power to entertain an application for a writ of habeas corpus on behalf of a petitioner purportedly "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-93 (1973).

State declined jurisdiction, suspended habeas corpus and due process when it refused to answer the constitutional questions presented" in those same two exhibits. *Id.*

Petitioner's Exhibit A includes his Petition for Writ of Prohibition filed in the Oklahoma Court of Criminal Appeals (OCCA), Case No. PR-2013-405. *Id.*, Ex. A, at 1-2.[2] There, he claimed the Caddo County district court lacked the jurisdiction to proceed in his criminal case because "defense motions have been confessed true" and, as a result, the charges against him must be dismissed. *Id.*, Ex. A, at 1. He cited Okla. Stat. tit. 12, § 2012, a provision of Oklahoma's civil pleading code, *see* Okla. Stat. tit. 12, § 2001, and Rule 4(e) of the Rules for District Courts of Oklahoma, a rule providing that a motion brought under the pleading code may be deemed confessed in the absence of a response by the opposing party. Doc. 1, Ex. A, at 1. He claimed the court's continued exercise of its judicial power "has delayed due process, and equal protection of the law, and will continue to result in injury . . . ." *Id.* Petitioner sought an order of prohibition requiring the Caddo County court to comply with above-cited Oklahoma civil practice procedures and with a Tenth Circuit decision regarding

---

[2] Citations reflect this Court's CMECF pagination of Petitioner's exhibits.

the government's failure to object to a presentence report[3] or, alternatively, "an order barring trial in CF-11-174 Caddo County." *Id.*, Ex. A, at 2. The OCCA declined jurisdiction, stating that it "will only entertain writs for extraordinary relief if Petitioner has sought and been denied relief in the District Court" and finding that "Petitioner's pleading requesting extraordinary relief does not contain a copy of a trial court order or records sufficient to prove he was denied relief in the District Court." *Id.*, Ex. A, at 4.

Exhibit B to Petitioner's federal petition contains his Amended Petition for Writ of Habeas Corpus or Writ of Mandamus filed in the Oklahoma Supreme Court, No. 111,908. *Id.*, Ex. B, at 1-3. Before that court, Petitioner repeated the same claims he had made to the OCCA, *id.*, and argued that when the OCCA declined jurisdiction, it "thereby waived or transferred jurisdiction to this court." *Id.*, Ex. B, at 1. Further, he claimed the Caddo County district court had denied his "speedy trial rights, and the excessive delay has prejudiced defense by the death of defenses's primary, and only eye-witness to the act charged in the case; [and] by refusal to compel the state prosecutor to produce 'Brady' discovery materials . . . ." *Id.*, Ex. B, at 1-2. And, he added that the Caddo County court "found defendant was/is mentally competent, but state's witness is not mentally

---

[3] Petitioner cited to the decision in *United States v. Ivy*, 83 F.3d 1266 (10th Cir. 1996), specifically to "1297 N. 47." Doc. 1, Ex. A, at 2. The undersigned presumes the reference is to headnote 47 on page 1297.

competent, so without due process, Caddo County sought to have the defendant 'secretly' declared incompetent, so Caddo County district court would not have to enforce, or comply with Rule 4.E./ 12 O.S. § 2012, or 12 O.S. § 1334."[4] *Id.*, Ex. B, at 2-3. The Oklahoma Supreme Court dismissed Petitioner's cause because he had raised issues within the exclusive jurisdiction of the OCCA. *Id.*, Ex. B, at 8.

As his requested relief in this Court, "Petitioner submits this Court should writ him before the court for a hearing and Ad-Testificandum, without delay." Doc. 1, at 2. The undersigned liberally construes the petition as one claiming the denial of a speedy trial and due process and asking that the State be ordered to take his case to trial or, alternatively, to dismiss the charges pending against him in Caddo County.

United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. In accordance with Rule 4, Rules Governing Section

---

[4] Okla. Stat. tit. 12, § 1334 provides that a writ of habeas corpus is "directed to the officer . . . having the person under restraint, commanding him to have such person before the court . . . to do and receive what shall be ordered concerning him . . . ."

2254 Cases,[5] and following careful examination of the petition, the undersigned recommends that it be dismissed on filing.

## II. Petitioner has not exhausted his state court remedies or demonstrated special circumstances.

Section 2241 does not contain an express exhaustion requirement. Nonetheless, "federal courts should abstain from the exercise of [section 2241] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)); *see also Braden*, 410 U.S. at 489-91 (holding exhaustion requirement applies to § 2241 habeas petitions brought by pretrial detainees).

Petitioner, apparently cognizant of this requirement, alleges that "[a]ll state remedies were exhausted by Oklahoma State Supreme Court order as

---

[5] Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts. *See also Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

5

shown on attached exhibit (a) and (b)."[6] Doc. 1, at 1. Belying this contention, Petitioner's exhibits instead demonstrate his failure to have yet fully and fairly pursued his claims in the Oklahoma state courts: Exhibit A shows the OCCA refused to even consider Petitioner's claims regarding alleged violations of state and federal constitutional law because he failed to demonstrate that he had presented those claims to the Caddo County district court and had been denied relief, *id.*, Ex. A, at 4; Exhibit B shows only that the Oklahoma Supreme Court dismissed Petitioner's attempt to seek review of the OCCA's decision because it lacked the jurisdiction to do so. *Id.*, Ex. B, at 8. Doc. 1. Because Petitioner raised his claims "in a procedural context in which [their] merits [would] not be considered," he has not "fairly presented" his claims to the state courts and, thus, has not satisfied the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). And, Petitioner neither contends he has rectified, or attempted to rectify, the failure noted by the OCCA, nor has he established that he has no available state court remedies.

Further, Petitioner fails to allege the requisite special circumstances that must exist before a federal court may intervene in ongoing state criminal

---

[6] Under Oklahoma law, a remedy is made available through the writ of habeas corpus in the state courts. *See* Okla. Stat. tit. 12, §1331 ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal.").

prosecutions. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971) (principles of comity and federalism mandate that federal court not interfere with ongoing state criminal proceedings by injunctive or declaratory relief except under special circumstances).

Petitioner must first exhaust his claims in state court; because he failed to do so before bringing this petition, sua sponte dismissal is warranted. *Arter v. Gentry*, 201 F. App'x 653, 653-54 (10th Cir. 2006).

### III. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends that the petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be summarily dismissed without prejudice to refiling.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 16, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State

of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

IT IS SO ORDERED this 26th day of November, 2013.

_/s/ Suzanne Mitchell_
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE