IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT A. BURCUM, SR.,            )
                                  )
            Petitioner,           )
                                  )
v.                                )     Case No. CIV-13-1098-D
                                  )
TRACY McCOLLUM, Warden,           )
                                  )
            Respondent.           )

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 8] issued by United States Magistrate Judge Suzanne Mitchell on November 26, 2013, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening, Judge Mitchell recommends the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 be dismissed without prejudice due to the lack of exhaustion of state court remedies and the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Petitioner, who appears *pro se*, has filed a timely Objection [Doc. No. 9], with attached exhibits allegedly reflecting habeas corpus petitions filed in state court.[1] More recently, Petitioner also filed a "Request to Supplement the Record With the Attached Exhibits" [Doc. No. 10], which is liberally construed as a motion for consideration of an additional document in support Petitioner's position that no state remedy is available. The document is a copy of a letter from Petitioner

---

[1] None of the petitions bear a state court file stamp. The latter ones are hand-dated December 2, 2013, and were apparently prepared after receiving Judge Mitchell's Report, which is referenced in the documents.

to the Caddo County court clerk dated December 9, 2013, regarding motions allegedly submitted for filing in his criminal case that are not reflected on the court docket sheet.

The Court must make a *de novo* determination of portions of Judge Mitchell's Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Petitioner does not specifically address the Report, but generally contends: 1) state court exhaustion is not required for § 2241 petitions; 2) any requirement for exhaustion is satisfied if the claim has been presented to the state's highest court, regardless of whether the court considered it; 3) no state court remedy is available, or any attempt to pursue it would be futile, because Oklahoma district courts do not act on habeas petitions in a timely manner, if at all.

Upon consideration of Petitioner's objection and supplemental exhibits, the Court finds that Judge Mitchell's analysis is correct.  Plaintiff's contentions regarding the issue of state court exhaustion lack merit.  The applicability of an exhaustion requirement to § 2241 claims is well established.  *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005).  The requirement is not satisfied when a claim has been presented "in a procedural context in which its merits will not be considered."  *Castille v. Peoples*  489 U.S. 346, 351 1056, 1060 (1989).  Plaintiff's argument that his newly-filed habeas petitions will likely be ignored by the Caddo County district court is insufficient to establish futility or lack of a state court remedy. Further, Petitioner does not address the issue of *Younger* abstention, which provides an additional, independent basis for Judge Mitchell's recommendation of dismissal.  Thus, Petitioner has waived further review of this issue.  *See Moore v. United States*, 950 F.2d 656,

659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).   In short, upon *de novo* review of the Report, the Court finds Judge Mitchell's findings are correct, and concurs in her recommendation.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED.  The Petition is denied without prejudice to refiling after state court remedies are exhausted or pending criminal proceedings are concluded.  A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Petitioner's Motion to Supplement the Record [Doc. No. 10] is GRANTED.  The document submitted with the Motion has been considered.

IT IS SO ORDERED this 23rd day of December, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE